**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HESHIMU O. HERU, | : | |
| | : | Civil Action No. 04-5873 (WGB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ALFARO ORTIZ, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondents |
| Heshimu O. Heru | Hillary Kara Horton |
| East Jersey State Prison | Ofc. of NJ Attorney General |
| Lock Bag R | Dept. of Law & Public Safety |
| Rahway, NJ 07065 | R. Hughes Justice Complex |
| | P.O. Box 086 |
| | Trenton, NJ 08625 |

**BASSLER**, District Judge

Petitioner Heshimu O. Heru, also known as Joseph Armstrong, a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Alfaro Ortiz and the Attorney General of New Jersey.

For the reasons stated herein, the Petition must be denied.

I.  BACKGROUND

On March 2, 1990, following a five-day trial in the Superior Court of New Jersey, Law Division, Essex County, a jury convicted Petitioner of felony murder (N.J.S.A. 2C:11-3a(3)), armed robbery (N.J.S.A. 2C:15-1), and unlawful possession of a weapon (N.J.S.A. 2C:39-5b).  On May 4, 1990, the trial court entered judgment sentencing Petitioner to life imprisonment with a 30-year parole ineligibility period on the felony murder conviction and a consecutive five-year term on the conviction for unlawful possession of a weapon.  (RE2; RE5 at 3.)

On direct appeal, the Superior Court, Appellate Division, affirmed.  (RE5.)  By order entered September 11, 1992, the Supreme Court of New Jersey denied certification.  State v. Armstrong, 130 N.J. 395 (1992).  (RE7.)  Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner's first motion for post-conviction relief was filed in the trial court on February 17, 1994.  (Letter supplementing Answer, Docket Entry No. 9.)  By order entered August 21, 1994, the trial court denied post-conviction relief.  (Letter supplementing Answer, Docket Entry No. 9.)  Respondents have not located any record of appeal of the first motion for post-conviction relief.  Nor has Petitioner supplied any

information regarding an appeal of the denial of his first motion for post-conviction relief.

Petitioner filed a second motion for post-conviction relief on March 10, 2000. (RE8 at Da31.) On January 17, 2002, the trial court denied relief. (RE8 at Da34.) On April 2, 2004, the Appellate Division affirmed the denial of relief. (RE10.) By order filed June 30, 2004, the Supreme Court of New Jersey denied certification. State v. Armstrong, 180 N.J. 456 (2004). (RE13.) This Petition, dated November 14, 2004, followed.

Respondents have answered and have supplemented their answer. Petitioner has not filed a reply. This matter is now ready for disposition.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

>established Federal law, as determinated by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III. ANALYSIS

Respondents assert that the Petition must be denied as untimely. (Answer at 29-32.) Petitioner has not responded to the suggestion that the Petition is untimely or otherwise replied in support of the Petition.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

>(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

4

>   (A) the date on which the judgment became final by
>   the conclusion of direct review or the expiration of
>   the time for seeking such review; ...
>
>   (2) The time during which a properly filed application
>   for State post-conviction or other collateral review
>   with respect to the pertinent judgment or claim is
>   pending shall not be counted toward any period of
>   limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is

"properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 122 S.Ct. 364 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).  Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely

6

asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's conviction became final on December 10, 1992, ninety days after the Supreme Court of New Jersey denied certification in Petitioner's direct appeal.  Thus, absent tolling, Petitioner had until April 24, 1997, to file his federal habeas petition.

Petitioner's first motion for post-conviction relief was pending only until August 21, 1994, so it did not toll the limitations period.  Petitioner's second motion for post-

conviction relief was not filed until March 10, 2000, almost three years after expiration of the limitations period, so it did not toll the limitations period. Petitioner has not alleged any facts that suggest a basis for equitable tolling. Accordingly, it is apparent that the Petition is untimely and must be denied as time-barred.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether the Petition is time-barred. Accordingly, no certificate of appealability shall issue.

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Petition must be denied. An appropriate order follows.


                                                 /S/ WILLIAM G. BASSLER
                                                        William G. Bassler
                                         Senior United States District Judge

Dated: June 26, 2006